**In re ENRON CORPORATION, et al., Debtors.**

**Official Employment–Related Issues Committee of Enron Corp., et al., Plaintiffs,**

v.

**Jeffrey McMahon, Defendant.**

**Bankruptcy No. 01–16034–AJG.**
**Adversary No. 03–3598.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Sept. 30, 2004.

Mark Edward Maney, McClain, Leppert & Maney PC, Houston, TX, for Plaintiff.

Jack C. Nickens, Nickens Keeton, et al., Houston, TX, Thomas M. Kirkendall, Attorney at Law, The Woodlands, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

Jeffrey McMahon, the defendant, moves the court to postpone further proceedings against him during the pendency of ongoing criminal investigations that may involve McMahon as a former officer of Enron Corporation. *See* docket nos. 9 and 24. The Official Employment–Related Issues Committee of Enron Corp. (the "Employment Committee"), the plaintiff, opposes the motion. The court conducted a hearing on the motion on August 31, 2004.

The Employment Committee filed a complaint against McMahon to recover a prepetition payment of $1.5 million made to him by Enron Corporation. The complaint alleges 1) that the payment was a voidable preference under 11 U.S.C. §§ 547 and 550; 2) that the payment was a fraudulent transfer under 11 U.S.C. § 548, 544(b), and 550 and applicable state law; and 3) alternatively, that the payment is voidable pursuant to § 24.006(b) of the Texas Business and Commerce Code, as incorporated by 11 U.S.C. § 544(b).

McMahon was the vice president of finance and treasurer for Enron Corporation from 1998 until 2000. From October 2001 until December 2001, he served as Enron's chief financial officer. From December 2001 until June 1, 2002, McMahon was Enron's president and chief operating officer. Since January 2002 the Justice Department of the United States has been

conducting multiple criminal investigations of Enron and its former insiders, including McMahon.

Several individuals, to whom McMahon either reported or with whom he worked during his time with Enron, have been indicted on criminal charges. They include Andrew Fastow, former CFO; Ben Glisan, McMahon's replacement as treasurer in early 2000; Jeffrey Skilling, former CEO and COO; Richard Causey, former chief accountant; and Kenneth Lay, former chairman and CEO.

McMahon reports that he has been told by the assistant attorney general involved in the coordination of the Enron-related criminal investigations that McMahon is a target of the government's investigations. Therefore, McMahon argues that if he responds to discovery or further issues in this proceeding, then he jeopardizes his Fifth Amendment privilege against self-incrimination by creating the possibility that his responses will aid a prosecution of him. *See Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir.1979).

At the hearing, the Employment Committee agreed to postpone any further discovery on the issues in its complaint that relate to actual intent to hinder, delay or defraud any Enron creditor. However, the Employment Committee argued that going forward with discovery on the preference action and the constructive fraud action would not create a possibility that McMahon's responses would aid a prosecution of him.

The Employment Committee argues that the court should not stay proceedings in a civil case when the issues are not the same for both the civil and criminal cases. Here, the preference and constructive fraud issues do not involve any intent on McMahon's part that could be an issue in the criminal case. The avoidance actions are not a subject of the ongoing Enron-related criminal proceedings.

The court agrees with the Employment Committee when it states that "[r]eceiving an avoidable transfer in this situation is not a criminal act, but, in fact, is more in the nature of a strict liability civil action. McMahon need not have done anything wrong, either civilly or criminally, to be found liable on the transfers." Employment Committee's Opp. to McMahon's First Am. Motion to Postpone, p. 4. At the hearing, McMahon conceded this position.

The Employment Committee's intent to hinder, delay or defraud claim will be bifurcated from the preference and constructive fraud claims. The Employment Committee may go forward with discovery on the preference and constructive fraud claims. Any further discovery related to the intent to hinder, delay or defraud claim is stayed until further order of the court.

Based on the foregoing,

**IT IS ORDERED** that the motion of Jeffrey McMahon to postpone proceedings against him is **GRANTED IN PART AND DENIED IN PART;**

**IT IS FURTHER ORDERED** that prosecution of avoidance claims against Jeffrey McMahon based on an alleged intent to hinder, delay or defraud Enron creditors under 11 U.S.C. § 544(b) or § 548 is stayed until further court order;

**IT IS FURTHER ORDERED** that the scheduling order entered September 15, 2004, shall apply only to the Official Employment–Related Issues Committee of Enron Corp.'s avoidance claims under 11 U.S.C. § 547 and its avoidance claims based on constructive fraud under 11 U.S.C. §§ 544(b) and 548.